IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CV-372-FL

| | |
|---|---|
| PATRICIA ANN SHIFFLETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM &** |
| ) | **RECOMMENDATION** |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court upon Defendant's motion to dismiss. (DE-14). Plaintiff has responded to this motion (DE-16), and the time for filing any replies has expired. Therefore, the matter is now ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), this matter has been referred to the undersigned for the entry of a Memorandum and Recommendation. For the following reasons, it is RECOMMENDED that Defendant's motion to dismiss (DE-14) be DENIED.

**Background**

Plaintiff filed an appeal of a final decision denying benefits by Defendant in this Court on October 11, 2006. Shifflett v. Astrue, 4:06-CV-220-BO, (DE-1). The matter was reversed and remanded on June 11, 2007. *Id*. at DE-20. On remand, an Administrative Law Judge ("ALJ") found that Plaintiff was not disabled in a decision dated February 25, 2011. (DE-15-1, pg. 20). On or about March 11, 2011, counsel for Plaintiff[1] notified the Social Security Administration's

---

1 Plaintiff was represented at this time by Diane S. Griffin. She is now represented by Derrick K. Arrowood.

Office of Hearings and Appeals ("Appeals Council") by letter[2] that Plaintiff "appeals the decision of the [ALJ]." (DE-16, pg. 1; DE-16-1). This letter also requested that Defendant provide Plaintiff's counsel with, *inter alia*, a copy of all exhibits. Defendant confirms receipt of this letter, although it classifies it strictly as a request for exhibits rather than a formal written exception. (DE-15, pg. 1-2). Plaintiff concedes that this request for review was never supplemented with additional evidence. (DE-16, pg. 2).

On October 26, 2011 Defendant provided Plaintiff's counsel with the requested exhibits, and also notified her that she had 25 days to submit additional evidence. (DE-15-1, pg. 22).

The Appeals Council received a statement from Plaintiff on January 5, 2012. (DE-15-1, pg. 5). This statement notified Defendant that Diane S. Griffin was withdrawing as Plaintiff's representative and that Plaintiff was appointing another representative. *Id*. In response, the Appeals Council notified Plaintiff on April 30, 2012 that no exceptions to the February 25, 2011 decision had been filed, and that the ALJ's decision had become final. *Id*. at pg. 24-25.

Plaintiff filed the instant action in this Court on June 29, 2012[3]. (DE-6). Defendant argues that Plaintiff's complaint should be dismissed as untimely. (DE-16, pg. 2).

**Analysis**

Pursuant to Rules 12(b)(1) and 12(b)(6), Defendant requests that Plaintiff's "complaint be dismissed for failure to state a claim upon which relief can be granted and on the basis that this Court lacks subject matter jurisdiction of this action." (DE-14).

The existence of subject matter jurisdiction is a threshold matter the Court must address before considering the merits of the case. Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). If a defendant contends that the complaint fails to allege facts upon

---

2 This letter is incorrectly dated February 2, 2011. (DE-16-1).
3 Plaintiff's motion to proceed *in forma pauperis* and a proposed complaint were filed on June 21, 2012. (DE-1).

which subject matter jurisdiction can be based, all facts in the complaint are presumed true. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir.1982). Alternatively, if the defendant argues that the jurisdictional facts in the complaint are untrue, "the Court may look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." Brown v. Astrue, 2012 WL 3686586, * 2 (E.D.Va. August 9, 2012)(quotation and citation omitted). In either case, the plaintiff bears the burden of proof to preserve jurisdiction. Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). A court should regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Evans v. B.F. Perkins Co., a Div. of Standex Intern. Corp., 166 F.3d 642, 647 (4th Cir. 1999). The motion to dismiss should be granted "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id*.

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint...." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir.1999). To survive a Rule 12(b)(6) motion, a plaintiff must " 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The facts alleged must "raise a right to relief above the speculative level," and the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U .S. at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is

3

inapplicable to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id*. A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." *Id.* at 679. Without such "heft," claims cannot establish a valid entitlement to relief, as facts that are "merely consistent with a defendant's liability" fail to nudge claims "across the line from conceivable to plausible." *Id.* at 678-680.

For the United States Government to be included as a defendant in an action, the United States must have previously waived sovereign immunity and that waiver "cannot be implied but must be unequivocally expressed." United States v. King, 395 U.S. 1, 4 (1969). Congress expressly waives the Government's sovereign immunity by "prescrib[ing] the procedures and conditions under which, and the courts in which, judicial review of administrative orders may be had." City of Tacoma v. Taxpayers of Tacoma, 357 U.S. 320, 336 (1958).

This Court is authorized to review Defendant's denial of benefits, and sovereign immunity is waived, under 42 U.S.C. § 405(g). Under that statute, an individual has the right to bring a civil action to seek judicial review of "any final decision of the Commissioner of Social Security made after a hearing" if commenced within the requisite time period. 42 U.S.C. § 405(g). The exhaustion of all available administrative remedies is a prerequisite to federal court review under § 405(g). Mathews v. Eldridge, 424 U.S. 319, 328 (1976); Hopewell Nursing Home, Inc. v. Heckler, 784 F.2d 554, 557 (4th Cir. 1986). Where a claimant is seeking review of an adverse ALJ decision in the first instance, a claimant must exhaust her remedies by, *inter alia*, seeking Appeals Council review. However, where the ALJ is issuing a decision following remand from a district court, the claimant may, but is not required to, request review by the

4

Appeals Council. *See*, 20 C.F.R. §§ 404.900 and 404.984(d). *See also*, Hewitt v. Barnhart, 2002 WL 31059881, * 3 (W.D.Va. September 13, 2002). A claimant requests Appeals Council review by "submitting a written statement . . ." 20 C.F.R. § 404.984(b)

Furthermore, § 405(g) also states that: "[a]ny individual, after any final decision of the Commissioner of Social Security . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). The sixty-day requirement is "not jurisdictional, but rather constitutes a period of limitations" which is subject to equitable tolling. Bowen v. City of New York, 476 U.S. 467, 478–480(1986).

Defendant argues that Plaintiff's complaint should be dismissed because it was not filed within sixty days after the receipt of notice by Plaintiff of Defendant's final decision. (DE-15, pg. 4). Specifically, Defendant contends that, because Plaintiff did not file written exceptions pursuant to 20 C.F.R. § 404.984(b) with the Appeals Council, its final decision is the ALJ's February 25, 2011 determination. Conversely, Plaintiff argues that her March 11, 2011 letter satisfies the requirement of 20 C.F.R. § 404.984(b). (DE-16, pg. 2). Plaintiff further argues that, because Appeals Council review was triggered by the March 11, 2011 letter, the Appeals Council was required to notify Plaintiff of its decision whether or not to assume jurisdiction. *Id. See also*, 20 C.F.R. § 404.984(b).

The undersigned agrees with Plaintiff. Although there is no case precisely on point in this circuit, at least one out of circuit court has "equated a request for review with written exceptions specified in 404.984(b)." Linsky v. Astrue, 2010 WL 3184485, * 2 (N.D.Cal August 11, 2010). That Court found that a request for review, such as Plaintiff's March 11, 2011 letter, "on its face, appears to be a written exception sufficient to submit the matter to the Appeals

5

Council." *Id*. Likewise, Defendant's response to the March 11, 2011 letter at the very least implies that an appeal has been triggered. For example, Defendant's October 26, 2011 response states:

> you may send more information or a statement about the facts and the law of this case . . .[i]f you have more information, you must send it to us within 25 days of the date of this letter. We will not allow more time to send information except for a very good reason . . . [i]f we do not hear from you within 25 days, we will assume that you do not want to send us more information. We will then proceed with our action based on the record we have.
>
> (DE-15-1, pg. 22-23).

In short, Defendant's October 26, 2011 response to Plaintiff's March 11, 2011 letter appears to establish a deadline for supplementing a pending appeal rather than a deadline for initiating one. Likewise, in phone conversations with the Appeals Council, Plaintiff contends that her request for review was described as "still pending."[4]

Therefore, Plaintiff requested review by the Appeals Council on March 11, 2011. She was not informed of the Appeals Council decision to decline review of the case until April 30, 2012. (DE-15-1, pg. 24, 25). Upon receiving this notification, Plaintiff timely filed her Complaint in this Court. (DE's-1, 6). Therefore, Defendant's motion to dismiss is without merit and should be denied.

In the alternative, the undersigned finds that equitable tolling should apply. Equitable tolling applies when: 1) "the claimant has actively pursued his judicial remedies by filing a defective pleading during the limitations period"; or 2) the defendant has tricked the plaintiff into allowing the filing deadline to pass. Gayle v. United Parcel Serv., Inc., 401 F.3d 222, 226 (4th Cir. 2005). Here, Defendant's written correspondence, as well as the alleged phone

---
4 Defendant filed no reply to rebut this statement, and the assertion is therefore uncontroverted and assumed to be true.

conversations between the Appeals Council and Plaintiff, strongly implied that an appeal was pending with the Appeals Council. If no review was actually pending, Plaintiff was "tricked" into allowing the filing deadline to pass.

**Conclusion**

For the aforementioned reasons, it is RECOMMENDED that Defendant's motion to dismiss (DE-14) be DENIED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Thursday, March 14, 2013.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE